TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
Assistant United States Attorney
International Narcotics, Money Laundering,
& Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0637
    Facsimile: (213) 894-0142
    E-mail:   patrick.castaneda@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 18-CR-00335-AB-09 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT 09 MICHAEL ANTHONY TREVINO |
| v. | |
| MICHAEL ANTHONY TREVINO, | **Hearing Date: March 18, 2022** |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Patrick Castañeda, hereby files its sentencing position with respect to defendant Michael Anthony Trevino.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 4, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

   /s/
PATRICK CASTAÑEDA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On May 31, 2018, the government charged defendant Michael Anthony Trevino ("defendant") and 24 codefendants with, inter alia, a drug conspiracy. (CR 1.) On November 6, 2020, pursuant to a plea agreement, defendant pleaded guilty to count one of the indictment: conspiracy to distribute, and to possess with intent to distribute, controlled substances. (CR 499, CR 504.) Specifically, defendant admitted to possessing with intent to distribute kilogram quantities of cocaine. (CR 499 at 8-9.)

On September 23, 2021, the United States Probation and Pretrial Services Office ("USPO") filed its Revised Presentence Investigation Report ("PSR"). (CR 660.) Therein, the USPO concluded that: (1) defendant's total offense level was 22, and (2) defendant's criminal history category was III, resulting in a guidelines range of 51 to 63 months imprisonment. (PSR ¶¶ 17-45, 84.) The USPO identified no factors that would warrant a departure from the Sentencing Guidelines range. (<u>Id.</u> ¶ 98.) Nevertheless, the USPO recommends what amounts to a seven-level variance from the low end of the applicable guidelines range (51 months' custody) down to a 24-month custodial sentence. (CR 659 at 1.)

The government agrees with the USPO's guidelines calculations but recommends a two-level, rather than a seven-level, variance. As the parties agreed in the plea agreement and as noted in the PSR, in recognition of defendant's timely decision to plead guilty and thus lessen the burden on the justice system during the COVID-19 pandemic, which has created an unprecedented backlog of cases, the government recommends this two-level downward variance. (PSR ¶¶ 4, 85.) This

would result in a total offense level of 20; given defendant's criminal history category of III, his Guidelines range is 41 to 51 months' imprisonment. (PSR ¶¶ 4, 85.) The government further submits that a low-end sentence of 41 months' imprisonment and two years' supervised release is sufficient, but not greater than necessary, to serve the sentencing purposes of 18 U.S.C. § 3553(a).

**II. DEFENDANT'S CRIMES**

The facts relevant to sentencing are accurately set forth in both the PSR and the parties' plea agreement. (CR 499 at 8-9.) In summary, defendant participated in a drug trafficking conspiracy by possessing and transporting kilogram quantities of cocaine in the United States for a Mexico-based drug trafficking organization. (Id.) In that role, on September 7, 2016, defendant agreed to transport and in fact transported approximately 7.87 kilograms of cocaine intended for further distribution. (Id.) To do so, defendant met an unindicted co-conspirator in a parking lot and knowingly received an "Idaho Potatoes" box containing eight bricks of cocaine, which he transported in his car until being stopped by law enforcement. (Id.) At all relevant times, defendant knew that he possessed distribution quantities of illegal drugs. (Id.)

**III. DEFENDANT'S OFFENSE LEVEL**

The USPO determined that: (1) defendant's base offense level was 30, under USSG §§ 2D1.1(a)(5) and 2D1.1(c)(5); (2) defendant's mitigating role warranted a three-level decrease under USSG §§ 3B1.2; and (3) defendant's timely acceptance of responsibility warranted a three-level decrease under USSG § 3E1.1.[1] (PSR ¶¶ 17-32.)

---

[1] The government hereby moves for a one-level decrease pursuant to USSG § 3E1.1(b).

2

Defendant's satisfaction of the five safety-valve criteria warrant an additional two-level deduction under USSG § 2D1.1(b)(18). (PSR ¶¶ 20-22.)

The government agrees with the PSR's Guidelines calculations. In addition, defendant pled guilty at a pivotal moment, when the COVID-19 pandemic has created an unprecedented crisis in the criminal justice system. (PSR ¶¶ 4, 100.) Accordingly, the parties agree that defendant is entitled to a two-level downward variance in recognition of his timely decision to lessen the burden on the court system during this uniquely challenging time. (Id.) This two-level downward variance results in a total offense level of 20.

**IV. DEFENDANT'S GUIDELINES RANGE**

Defendant is in criminal history category III. (PSR ¶¶ 34-78.) An offense level of 20 places defendant's Guidelines range at 41 to 51 months' imprisonment, and two to five years' supervised release. See USSG §§ 5A, 5D1.2(a); 18 U.S.C. § 3553(f).

**V. THE GOVERNMENT'S RECOMMENDED SENTENCE**

The government respectfully recommends that the Court sentence defendant at the low end of that range: 41 months' imprisonment, two years' supervised release, and a $100 special assessment.[2]

    1. Nature and Circumstances of the Offense, § 3553(a)(1)

The nature and circumstances of defendant's crime weigh in favor of a Guidelines-range sentence. Defendant knowingly joined a conspiracy to distribute kilogram quantities of cocaine. In furtherance of that conspiracy, he knowingly possessed with intent to distribute 7.87 kilograms of cocaine intended for further

---

[2] A special assessment of $100 is mandatory. 18 U.S.C. § 3013.

distribution in his car. Such a crime is very serious and defendant's sentence should reflect that.

2. History and Characteristics of Defendant, § 3553(a)(1)

Defendant's criminal history contains multiple crimes resulting from substance-related conduct, which are adequately accounted for in his Criminal History Category of III.

Defendant's history and characteristics provide some mitigation. Defendant's father was tragically murdered when defendant was just four years old. (PSR ¶ 50; CR 659 at 4.) After his father's death, defendant moved in with his grandmother in an active gang area, where the home was hit with stray bullets on more than one occasion. (PSR ¶ 51; CR 659 at 5-6.) While his mother struggled to provide for the family and his grandmother could not communicate in English, defendant had little accountability growing up and started using drugs and alcohol at a young age hindering his educational and vocational prospects. (PSR ¶¶ 52-54; 62-67; CR 659 at 5.) Despite these challenges, defendant appears to have a supportive family, which includes his fiancé, a four-year old son, and another child due in July. (PSR ¶ 57-58; CR 659 at 5.) On this record, a sentence no greater than the low end of the Guidelines is warranted.

3. Need for Deterrence and to Promote Respect for the Law, § 3553(a)(2)

The government's recommended sentence would appropriately promote respect for the law, protect the community, and deter defendant and others who would seek to emulate his conduct. 41 months in custody would provide defendant sufficient time to consider his actions in light of their substantial consequences.

4

        4. <u>Need for the Sentence to Avoid Unwarranted Disparities, § 3553(a)(6)</u>

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly-situated defendants. One way of doing so is to correctly calculate the Guidelines range. See <u>United States v. Treadwell</u>, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the [g]uidelines range was correctly calculated, the district court was entitled to rely on the [g]uidelines range in determining that there was no 'unwarranted disparity' . . . ."); <u>Gall v. United States</u>, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges."). Here, under the correctly-calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant - and who have also earned a two-point downward variance for timely pleading guilty during the unprecedented burden on the justice system created by the COVID-19 pandemic - can expect a sentence between 41 and 51 months. As such, the government's recommended sentence at the low-end of that range avoids an unwarranted disparity with similarly-situated defendants.

**VI. CONCLUSION**

For the foregoing reasons, the government respectfully recommends that defendant be sentenced to 41 months' imprisonment, two years' supervised release, and a $100 mandatory special assessment. This sentence is "sufficient, but not greater than necessary, to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2)." 18 U.S.C. § 3553(a).